IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                              )
UNITED STATES OF AMERICA       )
                              )
     v.                       )       No. 11-CR-40037-FDS
                              )
DERICK RITTER                  )
_____)
```

## FINDING AND ORDER ON MOTION TO COMPEL DISCOVERY

### May 30, 2012

### *INTRODUCTION*

The Defendant Derick Ritter ("Ritter" or "Defendant") is charged by indictment with production of child pornography in violation of 18 U.S.C. § 2251(a), travel for the purpose of engaging in illicit sexual conduct with a minor, in violation of 18 U.S.C. §2423(b) and enticement of a minor, in violation of 18 U.S.C. § 2422(b). He seeks discovery from the alleged victim's ("Jane") computer hard drive and statements that she may have made to law enforcement personnel. Specifically he seeks any information of Jane's participation in a social networking site called Stickcam with persons other than the Defendant. For the reasons set forth below, I the deny the motion in part and grant it in part.

### *FACTS*

The Defendant met Jane on a social networking site called Stickcam in 2008. At that time, Ritter was 36 years old and Jane was 15. Stickcam allows its members to broadcast live videos of themselves to other members via webcams and to conduct face-to-face video chats. Prior to that meeting, and during the time that Jane and the Defendant were in communication, Jane participated

in Stickcam with other individuals. Ritter's first advances to Jane on Stickcam were as a 17 year old boy named "Mike." It is alleged that at Ritter's urging Jane "showed" for him on camera by engaging in sexually explicit conduct such as masturbation and performing sexual acts with objects In April of 2008 Ritter admitted his true age and identity to Jane and drove to Massachusetts from Pennsylvania to visit her. He took her to a motel room where they engaged in sexual acts. Thereafter, their online relationship continued until later in 2008 when Jane and Ritter stopped communicating. In 2010, Ritter's Pennsylvania home was searched and his computer was seized. Ritter admitted that he had recorded Jane "showing" and had saved the videos on his computer. A forensic examination of his computer revealed approximately 64 videos depicting Jane.

## *DISCUSSION*

Ritter argues that the requested discovery is exculpatory with respect to counts 1 and 3 because it would serve to establish that Jane's conduct on Stickcam would have occurred regardless of his involvement. If Jane had a history of "showing" to others before, and during her relationship with Ritter, it would assist in establishing that Jane acted freely and voluntarily without Ritter's coercion. The Government's response is that the information sought is irrelevant to whether Ritter produced child pornography or enticed the victim to engage in sexual activity.

The Massachusetts Federal District Court has adopted Local Rules which define exculpatory evidence and govern the timing of its disclosure during the life of a case. That rule, Local Rule 116.2 ("LR116.2") mandates the release of exculpatory evidence by the government in two phases: The first disclosure is to be contemporaneous with the government's automatic disclosure responsibility under LR 116.1(C); i.e., 28 days after arraignment. The second, 21 days before trial. The Rule provides detailed definitions of the types of information that each phase contemplates. Under the first phase the Government is obligated to provide (among other information not relevant

to this inquiry) "information that would tend directly to negate the defendant's guilt concerning any count in the indictment or information;" L.R. 116.2(b)(1)(A).  Under the second phase of disclosure, the Government must provide witness impeachment material which is set forth in detail in sections  (A) - (G) of LR 116.2(b)(2).

Ritter argues that the information is exculpatory under L.R. 116.2(b)(1) because it tends to negate his guilt on the charges of production of child pornography and enticement of a minor to engage in sexual conduct and is thus immediately discoverable.   Count 1 of the indictment alleges that Ritter produced child pornography in violation of 18 U.S.C. § 2251(a).  That statute makes it a crime for anyone who:

> "employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct...."

Ritter argues that the sought after discovery would be probative of whether he prompted or coerced Jane to perform sexual acts on Stickcam, or whether she "showed" of her own free will.  Such an interpretation is not supported.   Simply stated, a defendant "uses" a minor for purposes of § 2251(a) if he photographs the minor engaging in sexually explicit conduct to create a visual depiction of such conduct. United States v. Fadl, 498 F.3d 862, 866 (8th Cir.2007),  United States v. McCloud, 590 F.3d 560, 566 (8th Cir. 2009).

A closer question is the discoverability of the information with respect to count 3 of the indictment;  enticement of a minor, in violation of 18 U.S.C. § 2422(b).  That statute imposes criminal liability on a person who "knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which

any person can be charged with a criminal offense, or attempts to do so." United States v. Dhingra, 371 F.3d 557, 561 (9th Cir. 2004). "The plain language of the statute makes clear that the relevant inquiry is the conduct of the defendant, not the minor. The conduct that the statute criminalizes is persuading, inducing, enticing, or coercing illegal sexual activity—actions of the defendant alone. An individual of ordinary intelligence would have no doubt that criminal liability does not depend on whether the minor actually engaged in criminal sexual activity, but rather whether the defendant sought such sexual activity from a minor." United States v. Dhingra, 371 F.3d at 561 (9th Cir. 2004). As Dhingra makes clear, Jane's showing for others is irrelevant to the question of whether Ritter persuaded, induced, enticed or coerced her to engage in sexual activity during the time period in question. It is Ritter's conduct that is relevant to that question. Thus, the sought after materials would not qualify as exculpatory evidence tending to negate Ritter's guilt either counts 1or 3. It would, however, as the Government concedes be probative on the issue of Jane's credibility under L.R. 116.2(b)(2) and thus producible 21 days before trial.[1]

The Defendant's motion is denied with respect to the production of the sought after evidence under the schedule set forth in L.R. 116.2(b)(1). It is granted with respect to that evidence under L.R. 116.2(b)(2).

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
U.S. MAGISTRATE JUDGE

---

[1] What the Government does NOT concede is the admissibility of that evidence under Federal Rule of Evidence 412. I leave that issue for the trial judge.